NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

|  |  |  |
|---|---|---|
| In the Matter of the Estate of | ) | Supreme Court No. S-19242 |
| | ) | |
| GREGORY BOYD. | ) | Superior Court No. 3GL-21-00005 PR |
| | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND JUDGMENT[*] |
| | ) | |
| | ) | No. 2133 – February 4, 2026 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Glenallen, Rachel Ahrens, Judge.

Appearances: Heather Boyd, pro se, Honolulu, Hawaii. No appearance by Jo Dempsey Boyd, Personal Representative of the Estate of Gregory Boyd.

Before: Carney, Chief Justice, and Borghesan, Henderson, Pate, and Oravec, Justices.

## I.    INTRODUCTION

A widow initiated probate proceedings, seeking appointment as personal representative of her husband's estate in accordance with the terms of his will. The will granted the husband's estranged daughter a remainder interest in his Alaska home. The widow and the daughter initially appeared to agree to a sale of that home and proportionate distribution of the proceeds, but the daughter began disrupting

---

[*]    Entered under Alaska Appellate Rule 214.

proceedings and filed numerous motions, prolonging the probate proceedings and delaying the sale of the property. Ultimately, with court approval, the widow sold the property, closed the estate, and distributed proceeds according to the parties' relative interests. The daughter now challenges the order distributing the proceeds and closing the estate. We affirm the superior court's order distributing assets and closing the estate.

## II. FACTS AND PROCEEDINGS

### A. Facts

Gregory James Boyd died in September 2021. The terms of Greg's will — executed in February 2016 — named his wife, Jo Dempsey Boyd, as personal representative of his estate.[1] Greg's will left a majority of his estate, including any residuary assets, to Jo. The only other beneficiary set to inherit directly was his daughter from his first marriage, Heather Boyd. Greg's will granted Heather an interest in two of his assets: his entire interest in his guiding business, Ram River Outfitters (RRO), to the extent that he "still possess[d] an interest" upon his death,[2] and also a remainder interest in his home located in Gakona "[u]pon the death of [his] wife."

### B. Proceedings

On November 24, 2021, the Glenallen superior court granted Jo's request to admit Greg's will to probate and appoint her personal representative of his estate. Jo then filed the required notice to those with an interest in the estate — just Heather — in February 2022. Jo did not file an inventory of property until October 2022, well outside

---

[1] We refer to family members by their first names because they share the same last name.

[2] The court later found that the portion of Greg's will devising RRO to Heather "ha[d] no effect, because at the time of Greg's death, he no longer possessed any interest in RRO."

the statutorily required three months,[3] as she was then living in Arizona and "it would have been difficult . . . to develop a good inventory" from there.

After the will was admitted, the estate's attorney sent Heather a letter explaining that Greg had died and sharing information about his will and the probate process. The letter explained that, although Greg's will permitted Jo to "sell the [Gakona] property, and reinvest the proceeds as she might wish to, without joinder or consent by anyone," this portion of the will was not consistent with the rules for the life estate Jo had purportedly been granted.[4] The letter instead proposed that "Jo would . . . sell the property" and split the proceeds with Heather, with each portion "calculated using actuarial tables." In response, Heather wrote back that she "fully expect[ed] that [she would] agree to the proposal that [the lawyer] described." Jo then placed the Gakona property on the market.

Although the parties appeared to agree at first, there was a subsequent breakdown of communication. This breakdown culminated in a stream of aggressive emails from Heather to the estate's attorney. Several of these emails pertained to the property's sale, and at least one requested that the estate's attorney remove the property's listing. The court issued a protective order limiting the scope of Heather's discovery requests to the Gakona property and Ram River Outfitters, requiring Heather to make the discovery requests in writing with physical copies mailed to the estate's

---

**3**    AS 13.16.365(a) ("Within three months after appointment, a personal representative . . . shall prepare and file or mail an inventory of property owned by the decedent at the time of death").

**4**    A life estate grants ownership of a property to another person for the duration of that person's life (or the life of some other person) and grants the holder the right to possess, control, and enjoy the property during the holder's lifetime. One having a life estate and nothing more cannot by any possession, act, or declaration of their own enlarge that estate. 31 C.J.S. *Estates* § 36 (2025).

attorney, and allowing Jo to block Heather's email if Heather continued to email Jo directly.

Heather then filed motions to remove the listing, require proof of the estate counsel's qualifications to practice law in Alaska, and remove estate counsel's entry of appearance. The court did not grant these motions, finding the motion to remove the listing moot because it had already been removed. A few months later, Jo filed her own motion for the court to direct the sale of the Gakona property.

By May of 2023, Jo's motion was pending before the court along with 13 motions brought by Heather. The court granted the motion to direct the sale of the property, finding that the sale was appropriate under the circumstances. The court denied all of Heather's motions that it did not deem moot.

Heather then complained that she had been "removed as a party" in the case and "not allowed to file motions" after previously being allowed to do so. The court explained that Heather had not been removed and had been allowed to file motions, but that many had been returned due to filing deficiencies.

In early 2024, the Gakona property sold for $269,000. In May 2024, Jo filed a request to close the estate along with a proposed distribution of the assets. The distribution accounted for various debts and assets, including proceeds from the sale of the Gakona property. Under the distribution, Heather was to receive $38,334.78. The court approved the distribution as proposed and closed the estate in September 2024.

Heather now appeals from the court's order authorizing distribution and closing the estate. Jo did not participate in the appeal.

## III.   STANDARD OF REVIEW

"We review the superior court's factual findings for clear error, which exists only when we are left with a definite and firm conviction based on the entire

record that a mistake has been made."[5] "[T]he applicability of a statute, and whether factual findings satisfy statutory requirements, are questions of law that we review de novo."[6]

"The superior court's ultimate distribution of assets is reviewed for abuse of discretion, and will be reversed only if the distribution is clearly unjust."[7]

## IV.   DISCUSSION

Heather raises several arguments on appeal:  that the superior court improperly determined that she was a "non-party," that the superior court improperly allowed Jo to sell the property without requiring Jo and Heather to settle the issue, and that Jo failed to comply with various sections of the probate code.  While Heather does make arguments with respect to other aspects of the probate proceedings, we decline to consider those arguments due to the cursory manner in which they were made.[8]

### A.   The Court Did Not Err By Recognizing Heather As An Interested Person, Rather Than A Party, In This Probate Matter.

The superior court properly determined that Heather was an interested person rather than a party in the probate proceedings.  A "party" in a probate proceeding is not explicitly defined.[9]  Heather is correct that the superior court did not formally recognize her as a party — she is not listed as a party on the docket and her docketed

---

[5]     *In re Est. of Evensen*, 531 P.3d 969, 975 (Alaska 2023) (quoting *Dan v. Dan*, 288 P.3d 480, 482 (Alaska 2012)) (internal quotation marks omitted).

[6]     *Vazquez v. State*, 544 P.3d 1178, 1185 (Alaska 2024).

[7]     *Burns-Marshall v. Krogman*, 433 P.3d 1121, 1125 (Alaska 2018) (quoting *Fortson v. Fortson*, 131 P.3d 451, 456 (Alaska 2006)) (internal quotation marks omitted).

[8]     *Wright v. Anding*, 390 P.3d 1162, 1175 (Alaska 2017) (" 'Where a point is given only a cursory statement in the argument portion of a brief, the point will not be considered on appeal.'  This is true for [self-represented] litigants as well as represented litigants." (citing *Hagen v. Strobel*, 353 P.3d 799, 805 (Alaska 2015))).

[9]     *See* AS 13.06.050 (lacking definition for "party" in Title 13 of Alaska Statutes governing estates).

motions are listed as being from "Heather Boyd (Non-Party Participant)." Yet Heather was nonetheless permitted to file dozens of motions and participate in hearings throughout the probate proceedings. This is because the court correctly recognized Heather's status as an "interested person."

An interested person in a probate proceeding "includes heirs, devisees, [and] children . . . having property rights in or claims against a trust estate."[10] Beneficiaries are interested persons in probate proceedings.[11] Heather fits squarely within the statutory definition of an interested person; she is a beneficiary given her remainder interest in the Gakona property. The court therefore correctly noted that, though she was "never . . . a party," she was certainly "an interested person" in the matter. The superior court's determination that Heather was a beneficiary was not clearly erroneous, and we agree with its decision, based on that determination, that she fit the statutory definition of an interested person.

Even though the superior court correctly deemed Heather an interested person, Heather implies that her "non-party" status caused prejudice by limiting her participation in the probate proceedings. This is not the case. Heather experienced no prejudice; she meaningfully participated as an interested person. The superior court considered her motions. For example, the superior court ruled on Heather's motions pertaining to Greg's defunct business, requests for forms or documentation, an accounting of Jo's reasonable and necessary expenses as personal representative, reconsideration of the order requiring Heather to direct all communication through Jo's attorney, and claims that Jo breached her fiduciary duty. The superior court explained

---

[10] AS 13.06.050(26).

[11] *Id.*; *Hester v. Landau*, 420 P.3d 1285, 1288 (Alaska 2018) ("Hester is an interested person with respect to the Goard estate because she is a beneficiary of the estate.").

that Heather's motions were denied when they were filed improperly, but the denials did not relate to her status.

The superior court never limited Heather's participation due to her "non-party" status. Instead, many of Heather's submissions were rejected due to insufficient information or because they were not filings but simply email messages sent to the court's general inbox. When the court received these emails, the court clerk issued deficiency notices, some of which noted that Heather was "not a party in this case"; these notices also reflected the materials were email messages and not proper filings. Nonetheless, the court considered the emails on the merits where appropriate. While the deficiency memos apparently were confusing to Heather, they were precipitated by her repeated noncompliant filings. At any rate, Heather does not argue denial of any of these attempted filings was prejudicial, and we do not find prejudice in the court's attempt to establish order in the case.

**B. The Superior Court Did Not Abuse Its Discretion By Ordering Jo To Sell The Gakona Property Instead Of Settling With Heather.**

Heather argues that her status as a "non-party" led to the sale of the home, and that the superior court erred by allowing a sale instead of requiring a settlement between the estate and Heather. Heather misconstrues the court order and the requirement for personal representatives to "settle" the decedent's estate.

First, the order directing the sale of the property was clearly grounded in concerns about economic harm that would result if the property were instead partitioned; the order makes no reference, implicit or explicit, to Heather's non-party status. Because partition would have harmed Heather's economic interests, the court ordered the property sold so that the proceeds could be divided more fairly.

Second, to the extent that Heather argues that probate laws require settlement instead of selling the property, she misunderstands the meaning of settlement in the context of probate proceedings. Among many other obligations, personal representatives are "under a duty to settle and distribute the estate" in accordance with

the will.[12]  Alaska Statute 13.06.050(49) makes clear that " 'settlement,' in reference to a decedent's estate, includes the full process of administration, distribution, and closing." As we explained in *Hester v. Landau*, personal representatives are "under a duty to settle and distribute the estate" and can meet that duty through "statutory powers enabling them to collect, protect, sell, distribute and otherwise handle" administration of the estate.[13]  Thus, by law, personal representatives can meet "settlement" obligations by selling estate assets.  In contrast, personal representative statutory powers do not expressly list any authority related to holding settlement negotiations.[14]

Heather appears to argue that because AS 13.06.050 requires settlement, Jo was bound to accept repeated invitations to come to a settlement agreement.  It is clear from Heather's expressed willingness to "settle (for less than amounts per the will)" that Heather believed "settlement" meant an invitation to negotiate a resolution. Although it is true that Alaska's probate rules permit petitioning the court for a settlement conference,[15] Heather did not do so and her references to willingness to settle were rejected as procedurally deficient.

Jo's sale of the property complied with the duty to settle the estate as the term is understood in the probate context.  She received approval from the court to sell the Gakona property and divided the proceeds in accordance with the parties' relative interests.  Heather had a full and fair opportunity to dispute the distribution, and the

---

**12**     AS 13.16.350(a).

**13**     420 P.3d at 1288 (first quoting AS 13.16.350(a); and then quoting UNIF. PROB. CODE art. III, general cmt. at 327 (UNIF. L. COMM'N 1969) (amended 2010)).

**14**     *See also Vance v. Myers' Est.*, 494 P.2d 816, 820 (Alaska 1972) (distinguishing between using term "settling" as understood in probate law and same term regarding extra-probate claims in noting that "settlement of the estate must await settlement of [an outstanding legal] claim").

**15**     Alaska R. Prob. P. 4.5(j)(2).

distribution was approved. The superior court's approval of the distribution was not an abuse of discretion.

**C.     Selling The Gakona Property Did Not Violate Any Other Statutes.**

Heather argues that the court's order permitting the sale of the Gakona property violated AS 13.16.360, .365, .395, and .400. We see no reversible error under any of those statutes.

Heather first argues that AS 13.16.360 requires an address from the personal representative and that an address was not provided. Alaska Statute 13.16.360 governs information that the personal representative must provide to heirs and devisees. Included in that information, which must be provided "[n]ot later than 30 days after appointment," is "the . . . address of the personal representative."[16] The personal representative in this case, Jo, provided an address on the required form — form P-340, Information to Heirs and Devisees — and mailed it to Heather.

Heather also points out that AS 13.16.365 requires a personal representative to "prepare and file . . . an inventory of property owned by the decedent at the time of death,"[17] within three months of appointment. Heather contends that Jo, again, failed to meet this requirement, and did not prepare an inventory.

While Jo did not file notice of her address within the 30-day window after appointment, she did do so about a month later. Jo was also late in sending the first copy of the estate's inventory of property, but she sent supplemental inventories as required in February 2023 and May 2024. Although Jo's initial inventory filing was not timely, the court found that her delay was "a result of the inaccessibility of the Gakona Property during winter."

Although a personal representative is a fiduciary who has a duty to settle and distribute the estate "as expeditiously and efficiently as is consistent with the best

---

[16]     AS 13.16.360.

[17]     AS 13.16.365.

interests of the estate,"[18] we have recognized that delays in compliance may sometimes be justified.[19] Neither statute explains what should result from a delay in compliance. Complete failure to comply with AS 13.16.360 is a breach of duty, but it does not affect the validity of the appointment.[20] Jo's late filing does not even rise to this level; she did comply with the statute's substantive requirements. Further, the superior court found that even though Jo did not timely submit forms, Jo acted in good faith and did not breach any fiduciary duty. There is no evidence that the delays were unreasonable or harmed the estate in any way. We see no clear error in the court's findings.[21]

Heather next argues that Jo is liable for loss and damage to the estate. She does not explain what she contends is loss or damage to the estate. Alaska Statute 13.16.395 holds the personal representative "liable to interested persons for damage or loss resulting from breach of fiduciary duty," but only where "the exercise of power concerning the estate is improper." Here, the superior court considered Jo's handling of the estate, and found that "[t]here is no indication that [Jo] decreased the value of the estate" and that Jo did not violate her fiduciary duty as personal representative. There is nothing in the record to support reversing the superior court on this finding, either.

Finally, Heather contends that AS 13.16.400 requires notice of intent to sell, and that she did not receive notice. Alaska Statute 13.16.400 provides that "interested persons" can void sales that may be impacted by a "substantial conflict of

---

[18]     AS 13.16.350(a).

[19]     *See Gudschinsky v. Hartill*, 815 P.2d 851, 855 (Alaska 1991) (agreeing, in a case of delayed filing of estate taxes, with other courts that "h[e]ld that if the personal representative displays some effort to ascertain the deadline or comply with it, then a delay might be justified").

[20]     AS 13.16.360.

[21]     *Enders v. Parker*, 125 P.3d 1027, 1029 (Alaska 2005) ("[A] determination that a personal representative did or did not act in good faith is a fact finding that should be reviewed for clear error.").

interest on the part of the personal representative," such as where the sale is to the personal representative or a closely related individual or entity. However, such sales are not voidable if the court approves the transaction "after notice to interested persons."[22]

Here, Jo had no substantial conflict of interest affecting the sale of the property. Heather argued that Jo had a conflict of interest because Jo also was a beneficiary of the estate. But the court made clear that "[t]here [was] no basis for this claim." Jo was properly named as both a beneficiary and the personal representative, and "the type of estate sale that Jo held [was] explicitly authorized by statute." The property was publicly listed, sold through a real estate company, and there was no evidence that Jo knew the buyers beforehand. Because the sale did not implicate a substantial conflict of interest between the personal representative and the buyers, there were no grounds to void the sale. This means there was no need for notice to Heather under this statute. The superior court did not err in rejecting Heather's argument that Jo violated AS 13.16.400.

## V. CONCLUSION

For the foregoing reasons, we AFFIRM the superior court's order distributing the estate property and closing the estate.

---

[22] AS 13.16.400.